1099 NEW YORK AVENUE, NW SUITE 900 WASHINGTON, DC 20001-4412

JENNER&BLOCK LLP

David W. DeBruin
Tel +1 202 639 6015
DDeBruin@jenner.com

June 1, 2020

Hon. Paul W. Grimm
United States District Court, District of Maryland
6500 Cherrywood Lane, Suite 465A
Greenbelt, MD 20770

Re:   Motion to Dismiss, *Springmeyer v. Marriott International, Inc.*, No. 8:20-cv-00867

Dear Judge Grimm:

Defendant Marriott International, Inc., submits this letter in anticipation of its motion to dismiss Plaintiff Pati Springmeyer's complaint under Federal Rules 12(b)(1) and 12(b)(6).

## I.   Ms. Springmeyer Lacks Article III Standing

Ms. Springmeyer lacks Article III standing. She brought this putative class action after Marriott announced "two employees at a [Marriott] franchise" had "improperly accessed" certain guest information, including "names, addresses, phone numbers, birthdays, [and] loyalty information," but not "passwords or PINs, payment card information, passport information, national IDs[,] or driver's license numbers." Compl. ¶¶ 17-18. Given the type of information at issue, it comes as little surprise that Ms. Springmeyer does not allege that she (or any others) suffered identity theft.

On these facts, Fourth Circuit precedent dictates that Ms. Springmeyer lacks standing. Under *Hutton* and *Beck*, the "mere compromise of personal information" is insufficient to satisfy Article III "in the absence of an identity theft." *Hutton v. Nat'l Bd. of Examiners in Optometry, Inc.*, 892 F.3d 613, 622 (4th Cir. 2018*)*; *accord Beck v. McDonald*, 848 F.3d 262, 273 (4th Cir. 2017); *see also In re Marriott Int'l, Inc., Data Sec. Breach Litig.*, — F. Supp. 3d —, 2020 WL 869241, at *6 (D. Md. Feb. 21, 2020). The "mere compromise" of information is exactly what Ms. Springmeyer alleges. Compl. ¶14 (alleging she is at "increased *risk* of fraud and identity theft" but identifying no actual misuse of her or other putative class members' identities) (emphasis added). To find Article III standing here is to find standing any time personal information is accessed intentionally and without authorization, a position the Fourth Circuit has rejected.[1]

Ms. Springmeyer cannot avoid this result through creative pleading. For example, she claims, without factual support, that she "suffered diminution in value" of her personal information, or lost the "benefit of [her] bargain" for data security. Compl. ¶¶ 86, 105. But without any allegation of actual identity theft stemming from the alleged events, those and other theories of Article III standing in this case cannot be squared with *Hutton* and *Beck*, much less *Iqbal* and *Twombly*. *See Johnson v. Am. Towers, LLC*, 781 F.3d 693, 709 (4th Cir. 2015) (noting that "'naked assertions' devoid of 'further factual enhancement'" are insufficient under *Iqbal* and *Twombly*). Nor are her

---

[1] Although Marriott disagrees with the Court's MDL standing ruling, a finding that Ms. Springmeyer lacks standing is consistent with that ruling. 2020 WL 869241, at *6 (involving allegations of identity theft).

June 1, 2020
Page 2

alleged injuries plausible. Ms. Springmeyer fails to allege any facts suggesting that she has, in fact, reasonably incurred monitoring costs, has been deprived of the benefit of a bargain with Marriott, overpaid for a product or service, suffered a decline in credit rating, or any other injury beyond the vague allegation that her personal information has been devalued.

Finally, Ms. Springmeyer has not satisfied Article III's traceability requirement. She does not identify how Marriott's security practices supposedly fell short of what she bargained for, and fails to plead that adequate practices would have avoided her (nonexistent) harm.

## II.     Ms. Springmeyer Fails to State a Claim

Next, Ms. Springmeyer has not stated a claim for relief. The complaint includes six counts: (1) negligence, (2) negligence *per se*, (3) breach of contract, (4) breach of implied contract, (5) breach of confidence, and (6) violation of the Maryland Consumer Protection Act ("CPA"). With the exception of the Maryland CPA claim, Nevada law governs all of her claims. *Infra* Section III. None of Ms. Springmeyer's claims is sufficiently pled.

First, Ms. Springmeyer's negligence and negligence *per se* claims fail because "[i]n Nevada, the economic loss doctrine bars negligent tort actions where the plaintiff seeks to recover only economic loss." *Gaming v. Trustwave Holdings, Inc.*, 2016 WL 5799300, at *4 (D. Nev. 2016).

Second, Ms. Springmeyer fails to plausibly allege a contract existed or that Marriott breached any such contract. She bases her contract claims in Marriott's privacy statements, but quotes from two different statements and does not allege which (if any) was in effect on the unidentified occasions when she allegedly gave personal information to Marriott. *See* Compl. ¶ 94 (Privacy Statement), ¶ 27 (U.S. Privacy Shield Guest Privacy Policy). The policy she calls the "current" policy addresses how Marriott treats personal information transferred from the European Economic Area (EEA), Switzerland, and/or the United Kingdom to the United States. *Id.* ¶ 27. The only other policy she identifies states merely that Marriott "seek[s]" to use "reasonable" measures to protect personal data. *Id.* ¶ 26. Ms. Springmeyer does not plausibly allege a breach of that statement.

Third, the implied-contract claim fails for largely the same reasons. To show an implied contract, "a court would necessarily have to determine that both parties intended to contract and that promises were exchanged." *Mizrahi v. Wells Fargo Home Mortg.*, 2010 WL 2521742, at *3 (D. Nev. 2010) (citations omitted). Here, Ms. Springmeyer pleads no facts regarding her or Marriott's conduct that could support such a finding. At a minimum, the terms of an implied contract must be "ascertainable," *id.*, but Ms. Springmeyer has failed to identify any specific obligations on the part of Marriott or Ms. Springmeyer under the alleged implied contract.

Fourth, Ms. Springmeyer's breach of confidence claim also fails. Under Nevada law, "such claims arise only in the context of special familial, professional, or social confidences not arising to a technical fiduciary relationship." *Frudden v. Pilling*, 842 F. Supp. 2d 1265, 1281 (D. Nev. 2012), *rev'd on other grounds*, 742 F.3d 1199 (9th Cir. 2014). Here, Plaintiff alleges no such "special" relationship, but only standard commercial transactions.

June 1, 2020
Page 3

Fifth, Ms. Springmeyer's CPA claim fails. She is not a Maryland resident, and the CPA, like other state consumer protection acts, does not have extra-territorial effect. *See Consumer Prot. Div. v. Outdoor World Corp.*, 603 A.2d 1376, 1382 (Md. Ct. Spec. App. 1992). And she does not plead any misrepresentation, omission, or reasonable reliance under Rule 9(b)'s standards; the types of allegations this Court found sufficient in the MDL are absent here. 2020 WL 869241, at *6.

Finally, all of Ms. Springmeyer's claims fail because she has not sufficiently pled breach, causation, or damages under *Iqbal* and *Twombly*. Each claim hinges on the assertion that Marriott did not use reasonable or adequate security measures. Compl. ¶¶ 78, 89, 104, 112, 120, 132. But the complaint is silent as to Marriott's actual security measures, how they failed to comply with any of Marriott's duties, or how allegedly proper measures would have avoided any alleged harm.

### III.   Ms. Springmeyer Lacks Standing to Represent a Nationwide Class

Last, Ms. Springmeyer lacks standing to represent non-Nevada putative class members. A named plaintiff only has standing to represent class members with the same claims. *Mayor & City Council of Balt. v. Actelion Pharm., Ltd.*, 2019 WL 4805677, at *8 (D. Md. Sept. 30, 2019); *Zaycer v. Sturm Foods, Inc.*, 896 F. Supp. 2d 399, 407 (D. Md. 2012); *see also Hassan v. Lenovo (U.S.), Inc.*, 2019 WL 123002, at *2 (E.D.N.C. Jan. 7, 2019) (dismissing nationwide class action because plaintiff lacked standing to sue under the laws of states other than where he resided).

Ms. Springmeyer's claims arise under state (not federal) law. Under Maryland's choice-of-law rules, those claims are governed by the law of the state where the plaintiff was injured and/or the contract was formed. *See Noohi v. Toll Bros.*, 708 F.3d 599, 607 (4th Cir. 2013); *Smith v. MTD Prod., Inc.*, 2019 WL 5538273, at *2 (D. Md. Oct. 24, 2019). Ms. Springmeyer allegedly resides in and was injured in Nevada, and thus Nevada law controls her personal claims. By contrast, the putative nationwide class contains members who hail from, and whose claims would be governed by laws of, all fifty states. Because Ms. Springmeyer lacks claims under the laws of the forty-nine states other than Nevada, she cannot represent putative class members from those states.

Marriott respectfully requests an opportunity to submit full briefing on these arguments.

                                                     Sincerely,

                                                     /s/   David W. DeBruin
                                                     Lindsay C. Harrison (pro hac vice)
                                                     David W. DeBruin
                                                     **Jenner & Block LLP**
                                                     1099 New York Avenue NW Suite 900
                                                     Washington, DC 20002
                                                     Tel: (202) 639-6865
                                                     Fax: (202) 639-6066

                                                     *Attorneys for Defendant Marriott International, Inc.*

June 1, 2020
Page 4

## Certificate of Service

I certify that on June 1, 2020, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    /s/   David W. DeBruin
David W. DeBruin